[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11284

Non-Argument Calendar

_____

BERNARD HERIVEAUX,

Plaintiff-Appellant,

*versus*

EX-DIRECTOR DANIEL JUNIOR,
Ex-Director, Individual Capacity,
COMMANDER NAEEM PERVAIZ,
Commander, Individual Capacity,
CHIEF ANGELA LAWRENCE,
Chief, Individual Capacity,
MIAMI-DADE     COUNTY     OF     CORRECTIONS     AND
REHABILITATION,
MIAMI DADE COUNTY,

2                    Opinion of the Court                    23-11284

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-21591-FAM

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Bernard Heriveaux appeals the district court's order dismissing with prejudice his third amended complaint. After careful review, we affirm.

## I.

Heriveaux, a Haitian-American man, worked for the Miami-Dade County Department of Corrections and Rehabilitation for approximately 20 years. While represented by counsel, he sued Miami-Dade County as well as Daniel Junior, the former director of the department; Angela Lawrence, the second in command at the department; and Naeem Pervaiz, the third in command at the department. He alleged that he was discriminated against because of his race, nationality, and age and that the defendants retaliated against him.

After Junior, Lawrence, and Pervaiz filed motions to dismiss Heriveaux's second amended complaint, the district court

concluded that the second amended complaint was a shotgun pleading that failed to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b). The court explained that "many of the [second amended complaint's] allegations do not specify which Defendant is responsible for which act," and as a result "the pleading fails to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Doc. 34 at 11 (internal quotation marks omitted).[1] After identifying the deficiencies in the second amended complaint and discussing how they could be corrected, the court gave Heriveaux an opportunity to file a third amended complaint.

Heriveaux's third amended complaint consisted of nearly 400 paragraphs and purported to raise 23 counts against the county, Junior, Lawrence, and Pervaiz. In Counts One through Five, Heriveaux purported to bring claims against the county for race discrimination, national origin discrimination, age discrimination, retaliation, and a hostile work environment under Title VII.[2] In Counts Six through Fourteen, he purported to bring claims under

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] The third amended complaint stated that Heriveaux's age discrimination claim was brought under Title VII. But Title VII does not prohibit discrimination based on age. *See* 42 U.S.C. § 2000e-2 (prohibiting employment discrimination based on "race, color, religions, sex, or national origin"). Instead, a different statute, the Age Discrimination in Employment Act, prohibits employers from discriminating against any employee who is at least 40 years of age because of that employee's age. *See* 29 U.S.C. §§ 623(a)(1), 631(a); *see Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009).

42 U.S.C. § 1983 against the individual defendants. In each of these counts, he alleged that Junior, Lawrence, or Pervaiz had deprived him "of his constitutional right to employment which is protected by the United States Constitution and Federal Statutes." *See, e.g.*, Doc. 35 at ¶ 197. And in Counts Fifteen through Twenty-Three, Heriveaux purported to bring claims against Junior, Lawrence, and Pervaiz under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1)(a), (7).

The defendants moved to dismiss the third amended complaint. The district court granted their motion, concluding that the third amended complaint was a shotgun pleading that violated Rules 8(a)(2) and 10(b). The court explained that the third amended complaint still contained paragraphs "refer[ring] to the Defendants collectively," making it difficult "to ascertain which Defendant engaged in what allegedly wrongful conduct." Doc. 39 at 4 (alteration adopted) (internal quotation marks omitted). The district court also set forth an alternative reason for dismissing the § 1983 claims in Counts Six through Fourteen, concluding that Heriveaux failed to state a claim because he did not "identify a constitutional basis for those claims." *Id.* at 6.[3]

---

[3] The district court also gave an alternative reason for dismissing Heriveaux's FCRA claims against the individual defendants, explaining that "individual liability does not exist under the FCRA." Doc. 39 at 6 (internal quotation marks omitted). Because Heriveaux does not challenge on appeal the dismissal of the FCRA claims, we discuss them no further.

23-11284                Opinion of the Court                5

Heriveaux then filed a Rule 59(e) motion to alter and amend the judgment. In the motion, he argued that his third amended complaint "did not have any characteristics" of a shotgun pleading "and complied with" the Federal Rules of Civil Procedure. Doc. 40-1 at 5. The district court denied the motion, stating that it "merely repeat[ed] arguments" that the court had "already examined and rejected." Doc. 41 at 3.[4]

This is Heriveaux's appeal.

## II.

We review a district court's dismissal of a complaint as a shotgun pleading for an abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

## III.

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[4] In the portion of his initial appellate brief setting forth the issues on appeal, Heriveaux identified one of the issues on appeal as whether the district court abused its discretion in denying his Rule 59(e) motion. But he failed to adequately raise this issue on appeal because this single sentence is the only time he mentions it. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (explaining that an appellant fails to adequately raise an issue on appeal when he makes only "passing references" to it "without advancing any arguments or citing any authorities").

544, 555 (2007) (alteration adopted) (internal quotation marks omitted). An adequate complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In addition, the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading" and so that "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (internal quotation marks omitted).

Complaints that violate these rules are often referred to as "shotgun pleadings." *Id.* A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alterations adopted) (internal quotation marks omitted). Shotgun pleadings include complaints that: (1) contain "multiple counts where each count adopts the allegations of all preceding counts"; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) fail to separate into a different count each cause of action or claim for relief; or (4) assert "multiple

claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

A district court has the inherent authority to dismiss a complaint on shotgun-pleading grounds. *Vibe Micro*, 878 F.3d at 1295. When a plaintiff files a shotgun pleading, we require a district court to "give him one chance to replead before dismissing his case with prejudice" on shotgun-pleading grounds. *Id.* at 1296. In its order requiring repleading, the court "should explain how the offending pleading violates the shotgun pleading rule." *Id.*

The district court did not abuse its discretion when it dismissed Heriveaux's third amended complaint as a shotgun pleading. A review of the third amended complaint shows that it failed to give the defendants adequate notice of the claims against them and the grounds upon which each claim rested. *See Weiland*, 792 F.3d at 1323. Among other deficiencies, the third amended complaint was replete with vague and conclusory allegations. It also contained allegations that the "Defendants" performed certain acts or omissions without identifying the particular defendant who acted or failed to act, making it impossible to identify which defendant was responsible for which act or omission.

It is true that in the third amended complaint Heriveaux attempted to separate each cause of action into a separate count. But a closer look at the pleading shows that he continued to combine his claims. For example, in Count One, Heriveaux

purported to bring a Title VII race discrimination claim against the county. And in Count Five he purported to bring an age discrimination claim against the county. But in each of these counts, he alleged that he was ultimately fired not because of his race or age but for reporting sexual harassment, indicating that in each of these counts he tried to raise multiple claims. We thus cannot say that the third amended complaint properly separated each cause of action into different counts.

Because the third amended complaint still required the defendants to guess what conduct each count was referring to and because the district court had already given Heriveaux an opportunity to fix the deficiencies in his pleadings, we conclude that the district court did not abuse its discretion when it dismissed the third amended complaint as a shotgun pleading.

In addition, we affirm the district court's dismissal of the § 1983 claims against the individual defendants, which were set forth in Counts Six through Fourteen of the third amended complaint, for another reason. The district court dismissed these claims not only because the third amended complaint was a shotgun pleading but also because Heriveaux failed to state a claim for relief under § 1983.

When a district court's ruling rests on two or more independent, alternative grounds, the "appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). "When an appellant fails to challenge properly on appeal one

of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Id*. On appeal, Heriveaux has challenged only the district court's determination that the third amended complaint was a shotgun pleading. He has not adequately raised any challenge to the district court's conclusion that Counts Six through Fourteen failed to state a claim under § 1983.[5] We thus affirm the dismissal of Counts Six through Fourteen on this alternative ground as well.

## IV.

For the above reasons, we affirm.

**AFFIRMED.**

---

[5] Heriveaux devoted one sentence in his opening brief to challenging the district court's ruling that he failed to state a claim under § 1983. But this single, perfunctory reference to the issue, which was not supported by argument or citations to authority, is inadequate to raise it on appeal. *See Sapuppo*, 739 F.3d at 681.